## Commonwealth v. Stevenson.

*Constitutional law — Title — More than one subject — Discrimination — Engineers—Land surveyors—Registration—Act of May 25, 1921.*

1. The Act of May 25, 1921, P. L. 1131, to regulate the practice of the profession of engineering and of land surveying, etc., violates art. iii, § 3, of the Constitution of Pennsylvania, in that it contains three distinct subjects which are not related, and one of which is not clearly expressed in its title.

2. The act is also unconstitutional as being discriminatory in its regulations and exemptions, in violation of the 14th Amendment of the Federal Constitution.

Complaint of violation of the Act of May 25, 1921, P. L. 1131. Q. S. Monroe Co., Sept. T., 1922.

*Ira A. Le Bar*, District Attorney, for plaintiff; *F. B. Holmes*, for defendant.

SHULL, P. J., July 2, 1923.—This case comes before the court on a special verdict rendered on Sept. —, 1922. The complaint sets forth that on June 2, 1922, George E. Stevenson was arrested, charged with the practice of the profession of land surveyor in the Borough of East Stroudsburg, Monroe County, Pennsylvania, without first having obtained a license as required by the Act of Assembly of May 25, 1921, P. L. 1131.

It was admitted by the defendant that on the said June 2, 1922, at the said Borough of East Stroudsburg, Pennsylvania, he did engage in the practice of the profession of land surveyor.

At the trial of this case, the jury was instructed to render a special verdict, which was rendered as follows:

"And now, Sept. —, 1922, we, the jurors impaneled in the above entitled case, find the following special verdict:

"On the 2nd day of June, 1922, and for a period of twenty-five years prior to that date, the defendant, George E. Stevenson, and one M. S. Knight composed the firm or copartnership of Stevenson and Knight, and were engaged in the profession of civil engineers, mining engineers and land surveyors. The said firm or copartnership during said period down to and subsequent to the said 2nd day of June, 1922, had offices in the City of Scranton, in the Commonwealth of Pennsylvania, and carried on and practiced their said profession in said Commonwealth and in other states of the United States, and derived their means of livelihood from the practice of said profession. Both of the members of said firm were residents of the Commonwealth of Pennsylvania on said 2nd day of June, 1922, and both of them on said date were over twenty-five years of age. The said George E. Stevenson had had forty years of practical experience as an engineer and as a land surveyor prior to the said 2nd day of June, 1922; had attained unusual skill, distinction and reputation in his said profession, and on said date, and for a considerable period theretofore and down to the present time, was and is President of the Engineers' Society of Northeastern Pennsylvania.

"Neither of said members of said firm was on said date a person not a resident of, and having no established place of business in, this Commonwealth; nor an employee of a registered engineer or a registered land surveyor; nor an officer or employee of the Government of the United States; nor an officer or employee of the Commonwealth of Pennsylvania; nor an officer or employee of a corporation engaged in interstate commerce. The said George E. Stevenson had not at any time prior to the said 2nd day of June, 1922, made application to the State Board for Registration of Professional Engineers and Land Surveyors for registration as an engineer, nor for registration as a land

surveyor, and neither the said George E. Stevenson nor the said M. S. Knight was in fact registered, either as an engineer or as a land surveyor, on the said 2nd day of June, 1922, as required by the provisions of the Act of General Assembly of the Commonwealth of Pennsylvania, entitled "An act to regulate the practice of the profession of engineering and of land surveying; creating a State Board for the Registration of Professional Engineers and Land Surveyors; defining its powers and duties; imposing certain duties upon the Commonwealth and political sub-divisions thereof in connection with public work; and providing penalties," and approved on the 25th day of May, 1921 (P. L. 1131); nor had either the said George E. Stevenson or the said M. S. Knight, prior to the said 2nd day of June, 1922, paid or offered to pay the registration fees prescribed by said act. On the 2nd day of June, 1922, at the Borough of East Stroudsburg, in the County of Monroe and State of Pennsylvania, the said George E. Stevenson did proceed to make survey of a certain lot of land, situate at the intersection of Crystal, Courtland and Analomink Streets, in said borough, commonly known as the Analomink House property, and did then and there proceed to make the necessary measurements and to take the necessary bearings to establish the boundaries of said lot of land, without being registered as a land surveyor and without having paid the fees provided for by said act, and without being exempted in accordance with the provisions of said act.

"If the facts above stated and the acts of the defendant above set forth are sufficient, in the opinion of the court, to warrant a conviction of the defendant of the offences charged in the first count and in the second count of the indictment, then the jury do say that the defendant is guilty on both counts in manner and form as he stands indicted, or if the facts stated and the acts of the defendant above set forth are sufficient, in the opinion of the court, to warrant a conviction of the defendant of the offence charged in one of said counts, but not in the other, then the jury do say that the defendant is guilty on such count in manner and form as he stands indicted, and not guilty on the other; but if the facts so stated and the acts of the defendant above set forth are not sufficient, in the opinion of the court, to warrant a conviction of the defendant of the offence charged in either count of said indictment, then the jury find the defendant not guilty."

This matter now comes on to be heard on argument as to the constitutionality of the said Act of May 25, 1921, P. 'L. 1131. The defendant urges that the same is unconstitutional: 1. Because it is in violation of article III, § 3, of the Constitution of Pennsylvania, which provides: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." 2. That the same is discriminatory, and, therefore, in violation of the 14th Amendment of the Federal Constitution.

In this case we are confronted by the act of assembly bearing the title "An act to regulate the practice of the profession of engineering and of land surveying; creating a State Board for the Registration of Professional Engineers and Land Surveyors; defining its powers and duties; · imposing certain duties upon the Commonwealth and political sub-divisions thereof in connection with public work; and providing penalties."

We meet in the title of this act a recognition of the fact that it is the legislative intent to deal with two professions: First, engineering; second, land surveying.

If this can be reconciled with article III, § 3, of the Constitution of Pennsylvania, this they may do. The test of this is, Does this act contain more

4 D. & C.

than one subject? "Few bills are so elementary in character that they may not be sub-divided under several heads," and the question here is, Are the professions of engineering and land surveying distinct and independent or cognate branches of one subject? If cognate branches of one subject, and this act could be held to relate to a single, general purpose, then it is within article III of § 6 of the Constitution of Pennsylvania.

Section 1 of this act provides: "Be it enacted, etc., that in order to safeguard life, health and property, any person practicing, or appearing to practice, the profession of engineering *or* land surveying," thus in the very beginning of the act recognizing the two professions as separate and distinct, and throughout the entire text of this act they are so recognized and treated. This act defines "professional engineer" as "a person who, through technical knowledge, gained by education or experience in one or more branches of engineering, initiates, investigates, plans and directs the control of the forces of, and the utilization of materials of, nature, and of human activities in connection therewith, for the benefit of man."

This act defines "land surveyor" as meaning "a person who makes surveys for the determination of area and for the establishment or re-establishment of land boundaries, sub-division and platting of land."

Under the provisions of this act, a registered engineer may not practice as a land surveyor, nor may a land surveyor practice engineering, thus again marking or recognizing the distinctiveness of the two professions.

In this act of assembly we now have two separate and distinct professions, and it is common knowledge that the professions are separate and distinct, notwithstanding the fact that one person frequently practices in both. The avowed purpose of the act, as set forth in section 1, is "to safeguard life, health and property." The relation of engineering to this purpose is, of course, apparent, but how it is related to the determination of area of land, the establishment of boundary-lines of land, or the sub-division or platting thereof, is beyond our conception. Still, it has attempted to regulate both in one act of assembly, one profession being directly related to the purpose of the act as therein stated, and the other not so related.

But even in the profession of engineering this act makes certain exemptions. Engineers employed in certain lines or classes of work which have as much, or more, to do with the safeguarding of life, health and property [as any others] are exempted from the provisions of this act. From the manner in which this act is drawn, its framers lost sight of that purpose in framing the list of those who were exempted from registration. In the exempted class, among others, we find officers and employees of the Government of the United States, officers and employees of the Commonwealth of Pennsylvania, until the *expiration* of the *existing* term of office or *service* of such officer or *employee,* and the officers and employees of a corporation engaged in interstate commerce.

Engineers in charge of the construction of highways and railroads deal more directly with the things that have to do with safeguarding life, health and property than those of any other class, and, under this act, there is no attempt to prescribe the qualifications of the highway engineer who may now be an employee of the State Highway Department, and, regardless of his qualifications, he may continue to construct the highways over which the public travels so long as he may continue in the employ of that department.

The qualification of the engineers who plan our great railroad projects is left to the discretion of the officers of the railroad company employing them; while, on the other hand, a land surveyor who runs the lines and figures the

area of a town lot on which the public has not the right of entrance must submit his qualifications to the Board of Engineers and be subject to their caprice as to whether or not he may engage in that character of business. As was well said by counsel for defendant in arguing this case: "A careful study of this act clearly shows that its intention was not alone the safeguarding of life, health and property, but it is another eruption of the present day itch to regulate everybody and everything by law."

While we fully appreciate the value of regulating the practice of professions which actually have to do with the safeguarding of life, health and property, still this must be done without discrimination, and, as we view this act, the exemption of the classes above mentioned makes it discriminatory, and it, therefore, violates the 14th Amendment of the Federal Constitution.

As to article III, § 3, of the Constitution of Pennsylvania, as we have stated above, we meet the act of assembly dealing with two distinct professions. Why land surveyors, as defined in this act, should be classed with engineers as they are defined, we cannot see. As well might conveyancers and lawyers have been included in the act, for the drawing of a conveyance has just as much relation to the safeguarding of life, health and property as has the measurement of land, and as well might physicians, pharmacists and undertakers have been regulated in one act of assembly. But the framers of this act did not stop here. To the two professions they add an additional subject in the title of this act and undertake to *"impose certain duties upon the Commonwealth and political sub-divisions thereof in connection with public work."*

Section 29 of this act provides: "That after the 1st day of June, 1922, it shall be unlawful for this Commonwealth, or for any county, city, borough, town, township, school district or poor district, to engage in the construction of any public work involving engineering, unless the plans, specifications and estimates have been approved by, and the construction supervised by, a registered professional engineer."

What relation does this have to the practice of the profession of engineering or land surveying? It is not a regulation of the practice of either profession. It is no more and no less than a regulation of public work, and, conceding that the legislature has the right to regulate the practice of the profession of engineering, and has the right to regulate the practice of the profession of land surveying, and has the right to regulate public work, we cannot see how this can be done, under the Constitution of Pennsylvania, in one and the same act of the legislature, and this is what this act of assembly attempts to do. The only relation to the practice of engineering that the 29th section may have, so far as we are able to discern, is that of creating employment for engineers, and this cannot bring it within the provisions of article III, § 3, of the Constitution of Pennsylvania.

As we view it, the title to this act contains three distinct subjects, although one of them is not clearly expressed, which have no proper legislative relation to each other, and the act of assembly deals with each of the three: 1. The regulation of the practice of the profession of engineering. 2. The regulation of the practice of the profession of land surveying. 3. The regulation of public work.

An act of assembly may cover those things which have proper relation to each other; which fairly constitute parts of a scheme to accomplish a general purpose, relate to the same subject or object, but it may not cover or include "provisions which have no proper legislative relation to each other and are not part of the same legislative scheme:" Payne *v.* Coudersport Borough, 168 Pa. 386; Union Passenger Ry. Co.'s Appeal, 81½ Pa. 91.

4 D. & C.

Commonwealth *v.* Stevenson.

As we view it, this act of assembly is in conflict with article III, § 3, of the Constitution of Pennsylvania, and in conflict with the 14th Amendment of the Federal Constitution, and, therefore, unconstitutional; a prosecution under it cannot be sustained, and on the special verdict hereinabove set forth we find the defendant not guilty.

From C. C. Shull, Stroudsburg, Pa.